# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| Adam/Michelle Cahill ) | |
| ) | Case No. 08-3211 |
| Debtor(s) ) | |
| ) | (Related Case: 08-31587) |
| Bruce C. French, Trustee ) | |
| Plaintiff(s) ) | |
| v. ) | |
| Adam Cahill, et al. ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Plaintiff/Trustee's Motion for Summary Judgment and Memorandum in support. The Motion for Summary Judgment is brought on the Trustee's Complaint for Declaratory Judgment. The Debtors did not respond to the Trustee's Motion. This Court has now had the opportunity to consider the arguments raised by the Trustee, as well as the entire record of the case. Based upon this review, the Court finds that the Trustee's Motion for Summary Judgment should be Granted.

### FACTS

On April 3, 2008, the Debtors, Adam M. Cahill and Michelle L. Cahill, filed a voluntarily petition for relief under Chapter 7 of the Bankruptcy Code. The Plaintiff, Bruce French, was appointed interim trustee of the Debtors' bankruptcy estate, and continues to serve in that capacity.

Bruce C. French, Trustee v. Adam M. Cahill
Case No. 08-3211

On February 13, 2008, the Economic Stimulus Act of 2008 (the 'Stimulus Act') became effective. This Act provided that certain taxpayers would be entitled to an Economic Stimulus Rebate ("ESR") if they met the qualifications established under the Stimulus Act. Pub.L. No. 110-185, 122 Stat. 613. Pursuant to the Stimulus Act, the Debtors were entitled to an ESR totaling $2,100.00. By way of this action, the Trustee now seeks the turnover of the ESR received by the Debtors, claiming that their interest in the ESR is a part of their bankruptcy estate.

## DISCUSSION

The action before the Court is the Trustee's Complaint for Declaratory Judgment, wherein a determination is sought concerning the scope of estate property. The adjudication of matters concerning the administration of the estate are deemed to be core proceedings over which this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A).

On his Complaint for Declaratory Judgment, the Trustee seeks summary judgment. Under the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, a party will prevail on a motion for summary judgment when, "[t]he pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d. 265 (1986); FED.R.BANKR.P. 56(c). In order to prevail, the movant must demonstrate all the elements of the cause of action, but once the burden is established, the opposing party may not merely rest upon their pleadings. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir. 1975). Instead, upon the moving party meeting their burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d. 202 (1986). All inferences drawn from the underlying facts must, however, be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d. 538 (1986).

Page 2

Bruce C. French, Trustee v. Adam M. Cahill
Case No. 08-3211

The Trustee's Complaint for Declaratory Judgment seeks a determination whether the Debtors' interest in their ESR is property of their bankruptcy estate, making it subject to administration by the Trustee. Numerous courts have already considered this issue. All these decisions turn on what may be described as a single issue: the timing of the debtor's bankruptcy filing in relation to the effective date of the Stimulus Act.

On the one side, if the effective date of the Stimulus Act occurred prior to the time of the debtor's bankruptcy filing, the debtor's interest in the ESR has been deemed a part of the bankruptcy estate. *In re Andrews*, 386 B.R. 871 (Bankr. D.Utah 2008); *In re Smith*, 393 B.R. 205 (Bankr. S.D.Ind. 2008); *In re Alguire*, 391 B.R. 252 (Bankr. W.D.N.Y. 2008); *In re Bennett*, 2008 WL 4490714 (Bankr. M.D.Fla. 2008). Conversely, if the effective date of the Stimulus Act arose after the debtor filed for relief, it has been held that the debtor's interest in the ESR will not become encompassed within the scope of estate property under § 541(a). *In re Woolridge*, 393 B.R. 721 (Bankr. D.Idaho 2008); *In re Lacy*, 2008 WL 4000176 (Bankr. S.D.Ind. 2008); *In re Campillo*, 2008 WL 2338316 (Bankr. D.Ariz. 2008); *In re Schwenke*, 2008 WL 4381822 (Bankr. D.Mont. 2008). The Court cannot find any weakness with these outcomes.

Property of the estate is defined, pursuant to 11 U.S.C. § 541(a)(1), to include "all legal or equitable interests of the debtor in property as of the commencement of the case." This statutory definition of estate property is broad so as to fulfill its purpose of bringing "anything of value that the debtors have into the estate." *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 284-85 (6th Cir. B.A.P. 2001). In this way, whether a debtor has a right to possess property at the commencement of the case is not a determinative factor regarding whether a debtor's interest passes to the bankruptcy estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2313-14, 76 L.Ed.2d 515 (1983). Instead, so long as the debtor's interest in property "is sufficiently rooted in the pre-bankruptcy past," the interest will pass to estate. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

Page 3

Bruce C. French, Trustee v. Adam M. Cahill
Case No. 08-3211

Based on this legal framework, tax refunds owed to a debtor, to the extent attributable to prepetition earnings, have been considered part of the bankruptcy estate. *Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435 (1974) (tax refund is sufficiently rooted in the prebankruptcy past to be defined as estate property); *see also In re Bailey*, 380 B.R. 486, 490 (6th Cir. B.A.P. 2008) (broad definition of estate property "unquestionably includes income tax refunds based upon a debtor's prepetition earnings or losses."). An ESR is no different. In the case of *In re Smith*, as cited *supra*, the court, after thoroughly reviewing the Stimulus Act, explained: the "Act creates the fiction, that the Debtors overpaid their 2007 taxes in the amount of the ESR, based on information contained within their 2007 tax return. Consequently, the ESR constitutes a tax refund for the Debtors' 2007 taxes." *Id.* at 208-09.

By the same token, the scope of estate property under § 541(a) is not without its limits. A debtor's expectancy interests, for example, is not a legal or equitable interest that becomes estate property. *Kovacs v. Sargent (In re Sargent)*, 337 B.R. 661, 665 (Bankr. N.D.Ohio 2006). *See also Sliney v. Battley ( In re Schmitz)*, 270 F.3d 1254 (9th Cir. 2001) (holding that "a hope, a wish and a prayer" is insufficient under § 541(a)(1). Based upon this concept, it is generally recognized that where a debtor possesses a right to payment based upon a legislative act, the interest does not pass to the estate unless, as is the situation here, the legislation was in effect at the time of the debtor's bankruptcy filing. *In re Bracewell*, 454 F.3d 1234 (11th Cir. 2006) (crop disaster payment was not estate property where, although disaster occurred prepetition, legislation authorizing payment was passed after bankruptcy filing) *In re Vote*, 261 B.R. 439 (8th Cir. B.A.P. 2001) (same).

For purposes these legal parameters, the facts in this case were not disputed: The Debtors filed their bankruptcy petition on April 3, 2008, well after the date, February 13, 2008, on which the Stimulus Act became effective. From this, the only conclusion that can follow from the discussed legal parameters is that the Debtors, although they had yet to receive their ESR, still held, at the commencement of their case, an interest in their ESR capable of being included in their bankruptcy

Page 4

Bruce C. French, Trustee v. Adam M. Cahill
Case No. 08-3211

estate. Therefore, in the absence of any evidence or arguments to contradict this finding, the Court is obligated to enter summary judgment in favor of the Plaintiff/Trustee.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of the Plaintiff/Trustee, Bruce C. French, Trustee, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the Debtors shall turnover to the Trustee the nonexempt portion of their Economic Stimulus Rebate, or its cash equivalent, within 30 days commencing from the date of the entry of this Order.

Dated: December 3, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 5

# CERTIFICATE OF SERVICE

Copies were mailed this 3rd day of December 2008 to:

Adam M Cahill
1958 Olympia Circle
Lima, OH 45805

Michelle L. Cahill
1958 Olympia Circle
Lima, OH 45805

Michael E Dugan
138 W High St
Lima, OH 45801

Bruce C French
PO Box 839
Lima, OH 45802

                                               /s/Diana Hernandez
                                        Deputy Clerk, U.S. Bankruptcy Court